## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN SANKEY, | ) | Case No.: 2:07cv1029-WKW |
| | ) | |
| Plaintiff, | ) | **RESPONSE AND WRITTEN REPORT TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| vs. | ) | |
| BOBBY BRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**COME NOW** the defendants, Mayor Bobby Bright, Warden Collins, Dr. Mendez, Nurse Davis, and the City of Montgomery by and through undersigned counsel, and in accordance with this Court's Order of November 27, 2007 (Doc. No. 4), file this Response and Written Report to Plaintiff's Complaint.

**PLAINTIFF'S COMPLAINT:**

This action is being brought by Plaintiff Adrian Sankey ("Sankey"), a pretrial detainee in the Montgomery Municipal Jail who was incarcerated into the said jail on October 4, 2007 *(Exhibit 1, p.04 Affidavit of Willie Collins).* Sankey alleges in ground one of his complaint that he was not given adequate medical care with regard to a hernia with which he entered the jail, to wit:

> Ground One: Denial of Medical Health Care
>
> Supporting Facts:
> I entered the Montgomery City Jail with a hernia, I was under my Doctors care with [illegible] hernia. My physician stated [illegible] condition would remain stable until it became painful and at such time it would require surgery. [illegible] 2 weeks on the concrete

1

floor, the pain became unbearable. On Oct. 17 2007 I was seen by
a Dr. Mendez which stated I was fine and did not need surgery.
Nurse Davis stated the city would not pay for my surgery but for
$180. they could begin the process.  I stated I could (make
payments but nothing was done).  I was given 800 mg of ibuprofen
for pain which came for 8 to 10 days and was [illegible] being
forced to sleep on the floor.  I remain [illegible]  I am in need of
medical care.

(Complaint, Doc. No.1 ).

In ground two, Sankey alleges that the jail is a health and safety hazard.  He states:

Ground Two: Creating a health and safety hazard.

Supporting Facts:
Due to the massive overcrowding at the Montgomery Jail, inmates
are forced to sleep on the floor . The inmates stay on 24 hour
lockdown, never being allowed outside the cell for any exercise,
for the gym is currently being used as a dorm.  The inmates are
forced to sleep on the floor [illegible] with no room between them.
The gym has only one toilet and no shower for over 50 inmates.
Staph infection is continually a problem due to the conditions at the
jail.  The cells are given only mop and water and are issued no
cleaning supplies.

(Complaint, Doc. No. 1).

**DEFENDANT'S RESPONSE:**

**A.    Facts**

Plaintiff was processed into the Montgomery Municipal Jail on October 4, 2007. *(Exhibit*

*1, p.04 Montgomery Municipal Jail Records).*   On October 9, 2007, he submitted a medical

request form complaining of a hernia, and followed that with a second request on October 11,

2007. *(Exhibit 1, p.07 &15 Montgomery Municipal Jail Records).*  Sankey was seen by Dr.

Marcial Mendez, the jail doctor, on October 17, 2007.  *(Exhibit 2, Affidavit of Dr. Marcial*

*Mendez; Exhibit 1, p.08 Montgomery Municipal Records).*  Mendez found Sankey to have a

hernia he claimed to have had for at least a year; that the patient did not appear to be in any acute

distress and had had no nausea or vomiting; and that there was no evidence of incarceration or strangulation. *(Exhibit 1, p.08 Montgomery Municipal Jail Record; Exhibit 2 Affidavit of Dr. Marcial Mendez).*   Dr. Mendez noted some slight urinary incontinence, referred him to a surgeon, and prescribed 800 milligrams of Motrin three times per day for ten days.  *(Exhibit 1, p.08 Montgomery Municipal Jail Records; Exhibit 2 Affidavit of Dr. Marcial Mendez).*

On that same day, the duty nurse called the offices of two surgical groups in an attempt to arrange for Sankey to be seen by a surgeon.  *(Exhibit 3, Affidavit of Willie Collins; Exhibit 1, p.11 Montgomery Municipal Jail Records).*   The first told her that the practice would not see Sankey unless he had either insurance or some advance payment; that if they gave a consult to a patient without insurance, they would then be obligated to treat him.  The second would require an up-front payment of one hundred to one hundred eighty dollars for the consult and would set up a payment plan for other services as needed. *(Exhibit 1, p. 11 Montgomery Municipal Jail Records).*  Nurse Davis explained this to Sankey on October 17, 2007 and told him that the City would not pay for his surgery.  *(Exhibit 1, p. 11 Montgomery Municipal Jail Records).*

Sankey submitted three additional medical requests on October 19, 2007, requesting treatment for the same hernia.  *(Exhibit 1, p. 12,13, & 14 Montgomery Municipal Jail Records).* The final request for medical treatment was submitted on October 23, 2007 *(Exhibit 1, p. 6 Montgomery Municipal Jail Records)* and was treated as a grievance—to which Warden Collins responded in writing explaining that he had been seen by the Doctor at least twice; that he had a pre-existing condition for which jail policy would not allow payment.  *(Exhibit 1, p. 5 Montgomery Municipal Jail Records).*  Collins also stated that he could appeal to Risk Management.  *(Exhibit 1, p. 5 Montgomery Municipal Jail Records).*  John Carnell, Montgomery's Risk Manager, was consulted and agreed that, based upon Dr. Mendez's opinion,

City policy did not allow for payment for a pre-existing condition which was not a medical emergency. *(Exhibit 4, Affidavit of John Carnell).*

Sankey was scheduled to see Dr. Mendez again on November 7, 2007, but refused to go to sick call. *(Exhibit 1, p. 16 Montgomery Municipal Jail Records)..* Sankey was released from the Montgomery Municipal Jail on 12/24/07 and custody was transferred to the Montgomery County Jail. *(Exhibit 3, Affidavit of Willie Collins).*

Sankey was a pre-trial detainee held in Dormitory three. Dormitory three contains three cell blocks (A,B, and C), each consisting of one room with 18 beds. Each cell block has its own toilet and shower. During holidays or other peak times when the inmate numbers increase, the number of inmates in one of these cell blocks may exceed the number of beds, requiring some to sleep on the floor. The maximum number of inmates housed in any one cell block at a time, however, is approximately 22. There are never more than 3-4 inmates sleeping on floor mattresses at a given time in these cell blocks. The pre-trial inmates are allowed to move freely about their cell block between the hours of 5:30 a.m. and 10:30 p.m. each day. They have access to television and space within the cell block to exercise. And the jail is cleaned on a regular schedule.

**B.     Denial of Medical Treatment**

Since Sankey was, at the time of his incarceration, a pre-trial detainee, his claim is properly evaluated under the due process clause of the Fourteenth Amendment. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla, 402 F.3d 1092 (11th Cir.,2005). The Eleventh Circuit has recognized, however, that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted

persons." <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1573 (11th Cir.,1985). "The standard in regard to medical care in determining a violation of the eighth amendment is *deliberately indifferent.*" <u>Hamm</u>, 774 F.2d at 1573. "The standard to measure the state's duty under the due process clause for pretrial detainees for medical care [therefore] can equally and fairly be measured by the same standard." <u>Hamm</u>, 774 F.2d at 1573.

In <u>Estelle v. Gamble</u>, 429 U.S. 97, 101, 97 S. Ct. 285, 289 (1976)*,* the Supreme Court held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." <u>Estelle</u>*,* 429 U.S. at 104, 97 S.Ct. 285 (quotation marks and citation omitted); *see* <u>Campbell v. Sikes</u>*,* 169 F.3d 1353, 1363 (11th Cir.1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" <u>McElligott v. Foley</u>*,* 182 F.3d 1248, 1254 (11th Cir.1999) (citation omitted); *see* <u>Estelle</u>*,* 429 U.S. at 106, 97 S.Ct. 285 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The *inadvertent* or *negligent* failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" <u>Estelle</u>*,* 429 U.S. at 105-06, 97 S.Ct. 285.

For an inmate to maintain a § 1983 action for a violation of the prohibition against cruel and unusual punishment and to show that a prison official acted with deliberate indifference to serious medical needs, the inmate must satisfy both an objective and a subjective inquiry. <u>Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir.2000)</u>; <u>Adams v. Poag</u>*,* 61 F.3d 1537, 1543 (11th Cir.1995). First, a plaintiff must set forth evidence of an objectively serious medical need. <u>Taylor</u>, 221 F.3d at 1258; <u>Adams</u>, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need.

Farmer, 511 U.S. at 834, 114 S.Ct. 1970; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.

> ### i.    Serious Medical Need

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) [quoting Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)]. Such a medical need must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) *quoting* Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Based upon the diagnosis and treatment of Sankey during his incarceration in the Montgomery Municipal Jail, it appears that Sankey had some medical needs; the jail physician, Dr. Marcial Mendez, diagnosed Sankey with a left inguinal hernia, prescribed him 800 milligrams of Motrin three times a day, and requested a referral to a surgeon. *(Exhibit 2 Affidavit of Dr. Marcial Mendez)*. Dr. Mendez, however, did not find Sankey to be in any acute distress and did not feel that the condition posed "an immediate threat to the patient's physical welfare." *(Exhibit 2, Affidavit of Dr. Marcial Mendez).* It is Mendez's position that the hernia did not, "pose a substantial risk of serious harm," if left unattended. Farmer, 511 U.S. at 834 (1994); *see also* Taylor, 221 F.3d at 1258 (11th Cir. 2000).

> ### ii.    Deliberate Indifference

"A prison official cannot be found deliberately indifferent under the Eighth Amendment 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference.'" <u>Farrow</u>, 320 F.3d at 1245 *quoting* <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) *emphasis removed*. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999). ("Medical treatment that is 'so grossly incompetent, inadequate, or excessive as to shock the conscious or to be intolerable to fundamental fairness' constitutes deliberate indifference.") <u>Adams v. Poag</u>, 61 F.3d 1537, 1544 (11th Cir. 1995) [quoting <u>Rogers v. Evans</u>, 792 F.2d 1052, 1058 (11th Cir. 1986)].

According to Dr. Mendez, there was no risk of serious harm, much less some objective knowledge of such a risk. One cannot disregard a risk which does not exist, and even if, arguendo, they did, there is nothing to suggest that that act would have been "more than mere negligence." <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999).

Sankey has failed to state any claim that rises to medical treatment so egregious or inadequate to "shock the conscious or to be intolerable to fundamental fairness." <u>Adams v. Poag</u>, 61 F. 3d 1537, 1544 11th Cir. 1995). If anything, the jail staff, in the persons of Dr. Mendez and Nurse Davis, made every effort to arrange for treatment for Sankey; Dr. Mendez prescribed him medication for his pain and requested a referral, and Nurse Davis made several attempts to make appointments with surgeons who would take Mr. Sankey as a patient (even to the point of establishing whether the surgeons would take payments for the service). The jail staff did everything short of actually paying for the surgery to correct the problem.

### C. Overcrowding

While it is unclear what federally guaranteed right Sankey alleges has been violated by overcrowding conditions, it is clear that the periodic overcrowding at the Montgomery Municipal

Jail is not such that it poses a health or safety risk to its inmates.  Dormitory three, in which

Sankey was housed, contains three cell blocks (A,B, and C), each consisting of one room with 18

beds.  Each cell block has its own toilet and shower.  During holidays or other peak times when

the inmate numbers increase, the number of inmates in one of these cell blocks may exceed the

number of beds, requiring some to sleep on the floor.  The maximum number of inmates housed

in any one cell block at a time, however, is approximately 22.  There are never more than 3-4

inmates sleeping on floor mattresses at a given time in these cell blocks.  The pre-trial inmates

are allowed to move freely about their cell block between the hours of 5:30 a.m. and 10:30 p.m.

each day.  They have access to television and space within the cell block to exercise.  *(Exhibit 3,*

*Affidavit of Willie Collins).*

        Those inmates having court the next day may be moved to a recreation area for holding

prior to court, and they may be required to sleep on the floor in that area if the jail is

overcrowded at the time, but they are generally not required to stay in this area more than

twenty-four hours.  Toilet facilities are available in this area, and, if they are not released after

court, they are moved back to a cell block. *(Exhibit 3, Affidavit of Willie Collins).*

        Respectfully submitted this the 4th day of January, 2008.


                                     /s/ Wallace D. Mills_____
                                    Wallace D. Mills (MIL 090),
                                    Assistant City Attorney

**OF COUNSEL:**
City of Montgomery Attorneys Office
103 N. Perry St.
Montgomery, AL 36104
334.241.2050
FAX 334.241.2310

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that I have mailed a copy of the above and foregoing Answer to the following by electronic mail or placing a copy of same in the United States Mail, postage, prepaid, this 4th day of January, 2008:

Adrian Sankey
135 Mildred Street
Montgomery, AL 36104

                                      __/s/ Wallace D. Mills_____
                                        Of Counsel

Booking System Maintenance                                                    PS0600S1
ORI#:  **AL0030100**  MPD        Booking #:  **2007-00007776**        **Change**

Work With Charges/Holds
ORI # :  **AL0030100**   MPD                Booking #:  **2007-00007776**
Inmate:  **SANKEY,ADRIAN,,**                                    **W**
Jacket:      **13741 A**   **Male**        **Black**    D.O.B.:  **05/09/1974**

Type options, press Enter.
  2=Change    4=Delete    5=Display    9=Inmate Activity    10=Sentence
  14=Assoc. Cases  16=Jail Time  24=Doc
                                                        **More   +**

| Opt | Offense | Description | Dispo | Rls Date |
|-----|---------|-------------|-------|----------|
| ___ | L C25044A | COMM. SPEEDING | DISMISSED | 01/06/2008 |
| ___ | L C25044A | COMM. SPEEDING | Finesdays | |
| ___ | L C25067 | COMM. NO DRIVERS LICEN | Finesdays | |
| ___ | L C25067B | COMM. DRIVING WHILE SU | FINE/COST | |
| ___ | L C25067B | COMM. DRIVING WHILE SU | Finesdays | |
| ___ | L C25067B | COMM. DRIVING WHILE SU | Finesdays | |
| ___ | L C25067B | COMM. DRIVING WHILE SU | Finesdays | |
| ___ | L C25067B | COMM. DRIVING WHILE SU | Finesdays | |

                                                        **More...**

F3=Exit    F6=Add    F11=View    F12=Cancel

000002

DEFENDANT'S
EXHIBIT
1

# CITY OF MONTGOMERY
## STATE OF ALABAMA

Booking Date & Time:    **10/04/2007**                    BOOKING NUMBER:    **000077762007**

NAME:    **SANKEY,ADRIAN,,**

RACE:    **Black**    SEX:    **Male**    DOB:    **05/09/1974**        SSN:    **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**

ADDRESS:    **3770 NORMAN BRIDGE RD**

| # | | |
|---|---|---|
| 1 | COMM. DRIVING WHILE SUSP, R | M6117113 |
| 2 | COMM. IMPROPER TAG | M6117112 |
| 3 | COMM. FAIL POSSESS/DISPLAY | M3452266 |
| 4 | COMM. SEAT BELT VIOLATION | M3452265 |
| 5 | COMM. IMPROPER TAG | M3424010 |
| 6 | COMM. FAIL POSSESS/DISPLAY | M3424012 |
| 7 | COMM. NO DRIVERS LICENSE | M3424011 |
| 8 | COMM. DRIVING WHILE SUSP, R | M3435120 |
| 9 | COMM. DRIVING WHILE SUSP, R | M3407489 |
| 10 | COMM. SPEEDING | L6324988 |
| 11 | COMM. SPEEDING | M3411265 |
| 12 | COMM. IMPROPER TAG | M3411267 |
| 13 | COMM. DRIVING WHILE SUSP, R | M3427906 |
| 14 | COMM. IMPROPER TAG | M3427905 |
| 15 | COMM. DRIVING WHILE SUSP, R | M3411266 |
| 16 | COMM. IMPROPER TAG | M3435119 |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |

000003

ORI#: **AL0030100** MPD          Booking #: **2007-00007776**

W

```
Inmate . . . . :  SANKEY,ADRIAN,,
Jacket # . . . :       13741 A  Black        Male     DOB : 05/09/1974
Social Sec.# . : 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 Drv Lic#: 6182299        State:   AL

Book Date/Time : 10042007  123142   Shift . . . . :   1 + 1st Shift
Prisoner Type  : CTYP + City Pris   Inmate Number :  _____
Incarceration  :    A + Arrest,Mis  Custody Class :   1 + CustStand

Booking ID #1  : _____895 + KEARNS Booking ID #2 : _____ +
Finger Print By: _____ +       Deloused By  . : _____ +
Searched By #1 : _____1165 + BESTED Searched By #2 : _____ +
Strip Search #1: _____ +       Strip Search #2: _____ +
Reviewed By ID : _____ +       Mug Shot By ID : _____ +
Photo Number . : _____           Taken By ID  . : _____ +
Phone Calls? . : Y  (Y=Yes, N=No)   Housed For ORI : _____ +
```

**F8=Chg/Hlds   F9=Inm. Act.   F10=Jacket   F14=Ques   F15=Notify   F16=Class**
**F18=Housing   F19=Warrant   F21=Poss.   F22=Addl   F23=Suicide Wtch   F24=Doc**
F3=Exit   F4=Prompt   F6=Print                    F12=Cancel

## PRISONER'S GRIEVANCE - RESPONSE

## SANKEY, Adrian

## 10/25/07

This is in response to your appeal in which you are requesting medical relief for a pre-existing hernia. You have seen the Jail Physician at least twice, and the nurse has attempted to make an appointment with surgeons without any success. It was stated that you are required to have a certain amount of money up front before they will consult with you.

You have a pre-existing condition, and the jail's policy does not allow for such condition to be approved at this level. You may appeal this decision to Risk Management.

W.R. Collins, Warden

000005

## Montgomery Municipal Correction Facility
## INMATE REQUEST FORM

Name: _Adrian Sankey_            Time: _____

Date: _10-23-07_                 Booking# _____

Cellblock: _3 C_

Please check one of the following:

___ Charges/Bond Information          ___ Money Information
___ Food Services                     ___ Property
___ Hygiene items                     ___ TV Change
___ Mail                              ___ Visitation
                                      _✓ Other

### Briefly state your request (Please Print Clearly)

Cheif Comm:- This hernia on my private
part, hurt and real, I guess once you made me a
Inmate, you have no say so, about your Self, Y'all.
Need to responed back to me, I'm in pain and
hurting the Gaulls, Nurse giving me aid's doing nothing
I need surgery, Man are Women, it feel like I'm
carry a Todell, Cheif Comm- please me Some kind
of way, Nurse say come up with 180 dollars I don't
have, I'm in the City Care!

Request received by officer _EH_    Date: _10-23_ @ _____ hrs
### DO NOT WRITE BELOW THIS LINE FOR REPLY ONLY.

Date: _____ Time: _____

Was seen by Dr. Mendez + was told City will
not pays for his surgery he has had this condition for
over a year.

Dr Harris of Advance Surg Assoc

### This form should be given to any correction officer.
Inmate request forms will be routed to the appropriate supervisor or Administrator.
Inmates will receive a copy when a written response is required.

MONTGOMERY MUNICIPAL JAIL
MEDICAL REQUEST

This form will be completed to see the physician or nurse. Also complete this form for over the counter or treatment items, i.e. Tylenol, band-aids, ointments, etc.

Print Name: _Adrian Sankey_    Date: _10-9-07_
Date of Birth: _59-14_    Location: _3-C_

Medical Request: _I have a hernia on private part_
_it's about side of a bad egg and sometimes I_
_pee in my self, it's a hole puts. sometimes and swells_
_It hurts, I can't lay on my side, I can't hold nothing._
_This is the third form I filled out, I'm serious_
_Can somebody help me, I can't do nothing for myself_
_up in here!_

_Adrian Sankey_
Inmate Signature

Officer Signature: _____    Time:_____

<u>Medical Issues</u>
_____ Home medication
_____ Outside medical appointments Date: _____    Time:_____

Contact ✓ Physician/Clinic
Name: _DR. Columbia_
Address: _Forest Ave._

Family/Friend
_Tishia Sankey_
_290-9701_
_365-9000_

Telephone#_____

DO NOT WRITE BELOW THIS LINE

Date: _____    Date: _10 Oct 2007_
Time: _____    Time: _1608_
Allergies_____    Receiving Nurse: _Doug_

Assessment:_____

Plan: _See M.D. - Protruding Hernia_

Refer to:    Physician    Mental Health    Emergency room    Return to Clinic PRN
CIRCLE ONE

000007

ADRIAN SANKEY
DOB: 05/09/74

10/17/07: _____: Here today complaining of a hernia. He said he has had it for at least a year. Now he says it is starting to hurt. Patient does not appear to be in any acute distress. No nausea, no vomiting.

PE: He does have a large left inguinal hernia, which is not easily reducible. There is no evidence of incarceration or strangulation.

A: and P:
1. Left inguinal hernia – MOTRIN 800 mg one p.o. t.i.d. x 10 days prn pain. We will refer to a surgeon.
2. NOTE: He also has some slight urinary incontinence. Again, we will refer to a surgeon ASAP.


_____
Marcial J. Mendez, M. D.
Montgomery City Jail

000008

SANKEY, ADRIAN
PATIENT DB 1607

# MEDICATION ADMINISTRATION RECORD

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IBUPROFEN 800 MG TABLET GENERIC FOR MOTRIN 800MG TAKE (1) TABLET BY MOUTH THREE TIMES DAILY | 10/18/07  10/28/07 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 0400 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 0900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 1500 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

REORDER FROM INTEGRAL SOLUTIONS GROUP 800-235-0767

SPECIAL A-55    SPECIAL 506-423    203223

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | |
| L | | | | | | | | | | |
| S | | | | | | | | | | |
| BT | | | | | | | | | | |
| | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| B | | | | | | | | | | |
| L | | | | | | | | | | |
| S | | | | | | | | | | |
| BT | | | | | | | | | | |
| | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
| B | | | | | | | | | | | |
| L | | | | | | | | | | | |
| S | | | | | | | | | | | |
| BT | | | | | | | | | | | |

STARTING FOR  10/01/07    THROUGH  10/31/07    PAGE  1 OF  1

| | |
|---|---|
| Physician | MENDEZ, MARCIAL J |
| Alt. Physician | STOCK SUPPLY |
| Allergies | |

| Telephone No. | 334-567-0346 | Medical Record No. |
|---|---|---|
| Alt. Telephone | | 304271 |
| Rehabilitative Potential | | |

| Medicaid Number | Medicare Number | Approved By Doctor: By: | Title: | Date: |
|---|---|---|---|---|

Diagnosis

| RESIDENT | SANKEY, ADRIAN | D.O.B. 05/09/1974 | Sex 4 | Room # 3C | Patient Code SANADRI | Admission Date 10/17/07 |
|---|---|---|---|---|---|---|

000009

NKDA

| DATE | MEDICAL PROGRESS DOCTORS PROGRESS NOTES |
|------|------------------------------------------|
| 10/17/07 | See dictation |

See dictation
(1) ing hernia
*illegible*
Motrin 300 g TPO OTD X10J
PRN PRN
*illegible* Surgeon ASAP

000010

NURSES NOTES

Dr. 5/9/74 Sankey Adrian

| DATE | NOTES |
|---|---|

10/17/07 Seen by Dr. Manded for discharge orders
_[signature]_ LPN

10/10/07 0940 Called Advanced Surgical Associates to get Inmate Sankey seen by a physician. Was advised if the patient did not have insurance he would have to pay the 1st consultation and financial fee up front. Stated "If they did see a patient without insurance, who is seen for a consultation, they are just about obligated to continue care)). "Unfortunately they will not see them unless the City of Montgomery will pay for services)).
_[signature]_ LPN

0945 Called Dr. Fay's Armstrong office to get Inmate Sankey seen. Was advised that since he didn't have insurance he would have to pay up front for a consultation; $100.00 — $180.00 could and they would set up a payment plan if other services were needed.
_[signature]_ LPN

0953 Discussed with Sankey about the surgical referral. Advised him of information regarding insurance and payment requirements requested by Advanced Surgical Associates and Sankey Surgical and Associates this
_[signature]_

11/16/7 Refused to be seen by Dr. Manded
_[signature]_

000011

## MONTGOMERY MUNICIPAL JAIL
## MEDICAL REQUEST

This form will be completed to see the physician or nurse. Also complete this form for
over the counter or treatment items, i.e. Tylenol, band-aids, ointments, etc.

Print Name: _Adrian Sankey_      Date: _____

Date of Birth: _____      Location: _____

Medical Request: _How Anetabart what will doing for me_
_but the alltel aint working, this hernia is almost_
_down to my knees I don't have any money I_
_really need help I cant help my self in here. This_
_is life threaten. I'm sorry I I really need help._
_When I walk it feel like I carry weight._

_____

                                          _Adrian Sankey_
                                          Inmate Signature

Officer Signature: _____      Time:_____

<u>Medical Issues</u>
_____Home medication
_____Outside medical appointments Date: _____ Time:_____

Contact___Physician/Clinic                _____Family/Friend
Name:_____
Address:_____

Telephone#_____     **DO NOT WRITE BELOW THIS LINE**

Date: _____         Date: _22 Oct 07_
Time: _____         Time: _____
Allergies_____         Receiving Nurse:_Davis_

Assessment:_____
_____

Plan:_Sell M.D._____
_____

Refer to:   (Physician)    Mental Health    Emergency room    Return to Clinic PRN
                                **CIRCLE ONE**

**Montgomery Municipal Correction Facility**
**INMATE REQUEST FORM**

Name: _____

Date: _____

Cellblock: _____

Time: _____

Booking# _____

Please check one of the following:

____ Charges/Bond Information
____ Food Services
____ Hygiene items
____ Mail

____ Money Information
____ Property
____ TV Change
____ Visitation
____ Other

**Briefly state your request (Please Print Clearly)**

Shift Comm: I have a hernia on my
private part it keeps getting hard I seen the
nurse but do I appreciate when they did for me
but it ain't working for me I need surgery when
I cough it feel like I'm having a load, I'll bend and
hurt? serious it not tear up my life time
now I'm serious I need help Thanks

_____
Request received by officer_____ Date:_____ @_____ hrs
DO NOT WRITE BELOW THIS LINE FOR REPLY ONLY.

Date: _____ Time:_____

This form should be given to any correction officer.
Inmate request forms will be routed to the appropriate supervisor or Administrator.
Inmates will receive a copy when a written response is required.

000013

## MONTGOMERY MUNICIPAL JAIL
## MEDICAL REQUEST

This form will be completed to see the physician or nurse. Also complete this form for over the counter or treatment items, i.e. Tylenol, band-aids, ointments, etc.

Print Name: _Adrian Tankoy_    Date: _10-19-07_

Date of Birth: _____    Location: _____

Medical Request: _Mr. Brantley, I been to the DR._
_for the pains. I Amethecore When Purse and DR._
_same for me now. Mr. brantley I need help. In serious._
_I'm in pain. The hernia between my legs it the same_
_size a baby head. I feel like a bad dilling. I walk_
_I hurt and from the serious. I don't have no money_
_get for it like theorion you'll Deserved bad for me_
_its serious._

       _Adrian Tankoy_
              Inmate Signature

Officer Signature: _____    Time: _____

Medical Issues
_____ Home medication
_____ Outside medical appointments Date: _____    Time: _____

Contact ___ Physician/Clinic        _____ Family/Friend
Name: _____        _____
Address: _____        _____
         _____        _____
Telephone# _____        _____

### DO NOT WRITE BELOW THIS LINE

Date: _____        Date: _____
Time: _____        Time: _____
Allergies _____        Receiving Nurse: _____

Assessment: _____
_____
_____

Plan: _____
_____
_____

Refer to:    Physician    Mental Health    Emergency room    Return to Clinic PRN
### CIRCLE ONE

000014

# MONTGOMERY MUNICIPAL JAIL
## MEDICAL REQUEST

This form will be completed to see the physician or nurse. Also complete this form for over the counter medication or treatment items. i.e. Tylenol, band aids, ointment, etc.

Print Name: Adrian Sankey                      Date: 10-11-07
Date of Birth: 5-9-74                          Location:

Medical Request: _This is tearing out my stomach hurting. Last night_
_Couldn't sleep, because it stops messing with me. I'm I don't_
_have any money. Sorry I don't want immediately need to_
_see me. This is my 6th request. If you don't want to_
_do it Can you take me to the emergency room. I need HELP!_

                                        Adrian Sankey
                                    _____
                                        Inmate Signature

Officer Signature: _____   Time: _____

Medical Issues

__ Home medication
__ Outside medical appointments Date: _____ Time: _____

Contact: __ Physician/Clinic          __ Family/Friend
Name: _____             _____
Address: _____            _____
_____             _____
Telephone # _____             _____

### DO NOT WRITE BELOW THIS LINE

Date: _____         Date: _____
Time: _____         Time: _____
Allergies: _____        Receiving Nurse: _____

Assessment: _____
_____
_____
Plan: _____
_____

Refer to:   Physician   Mental Health   Emergency room   Return to Clinic PRN
### CIRCLE ONE

000015

ADRIAN SANKEY
DOB: 05/09/74

11/07/07: _____ : The security guards have told me that he refuses to come
to sick call today.


Marcial J. Mendez, M. D.
Montgomery City Jail

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN SANKEY, | ) | Case No.: 2:07cv1029-WKW |
| | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF DR. MARCIAL MENDEZ** |
| | ) | |
| vs. | ) | |
| BOBBY BRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

STATE OF ALABAMA

COUNTY OF MONTGOMERY

In person appeared before the undersigned officer, duly authorized to administer oaths, Dr. Marcial J. Mendez, who states under oath as follows:

1. I have personal knowledge of the facts set forth in this affidavit. I am an adult resident citizen of the State of Alabama and I am competent to give this affidavit.

2. I have been licensed to practice medicine in the State of Alabama since 1985. I am a member of the American Medical Association and have passed the Educational Commission for Foreign Medical Graduate Examination, in addition to the Federal Licensure Examination.

3. I am under contract with the City of Montgomery as the attending physician at the Montgomery Municipal Jail. I have acted in that capacity for approximately seven years.

4. On October 17, 2007 I treated with Mr. Adrian Sankey in the Montgomery Municipal Jail. Mr. Sankey complained of pain associated with a hernia that he related to me as having existed for approximately one year. I found Mr. Sankey to have a left inguinal hernia that was

1



not easily reducible by pushing into the abdomen. The hernia did not appear to be either strangulated or incarcerated, though, and Mr. Sankey did not appear to be in any acute distress. The condition did not present any immediate threat to the patient's physical welfare and was not, in my opinion, a medical emergency. The condition did not pose a substantial risk of serious harm to the patient.

5. Mr. Sankey reported some urinary incontinence. It is unlikely that the urinary incontinence was in any way related to the hernia. That condition, like the hernia, was not, in my opinion, a medical emergency.

6. I prescribed 800 milligrams of Motrin to be taken three (3) times per day for ten days and requested a surgical referral in the event that he wished to have the hernia corrected.

7. Mr. Sankey was scheduled to see me again on November 7, 2007, but he did not appear for sick call. It was related to me by the guards that Mr. Sankey had refused to come to sick call.

Further the affiant saith not.

Dr. Marcial Mendez

STATE OF ALABAMA

COUNTY OF MONTGOMERY

**SWORN to and SUBSCRIBED before me this the _4th_ day of January, 2008.**

Notary Public
My Commission Expires _10/16/09_

2

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| ADRIAN SANKEY, | ) | Case No.: 2:07cv1029-WKW |
| | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF WARDEN WILLIE** |
| | ) | **COLLINS** |
| vs. | ) | |
| BOBBY BRIGHT et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

STATE OF ALABAMA

COUNTY OF MONTGOMERY

In person appeared before the undersigned officer, duly authorized to administer oaths,

Willie Collins, who states under oath as follows:

1. I have personal knowledge of the facts set forth in this affidavit. I am an adult resident

citizen of the State of Alabama and I am competent to give this affidavit.

2. I am currently and was in October of 2007 employed with the City of Montgomery as

Warden of the Montgomery City Jail.

3. Adrian Sankey was most recently incarcerated in the Montgomery Municipal Jail on

October 4, 2007.

4. On October 9, 2007, Sankey submitted a medical request form complaining of a

hernia, and followed that with a second request on October 11, 2007.

1

DEFENDANT'S
EXHIBIT
3

5. Sankey was seen by Dr. Marcial Mendez, the Montgomery Municipal Jail Physician, on October 17, 2007. In this visit, Mendez found Sankey to have a hernia that he claimed to have had for at least year. He noted that Sankey did not appear to be in any acute distress, had had no nausea or vomiting, and that there was no evidence of incarceration or strangulation. Further, Mendez noted that Sankey had some slight urinary incontinence, referred him to a surgeon, and prescribed 800 milligrams of Motrin three times per day for ten days.

6. Dr. Mendez communicated to me that Sankey's condition pre-existed his processing into the jail and was not a medical emergency. It is the Montgomery Municipal Jail's policy that the city of Montgomery will not pay for medical procedures to correct pre-existing injuries or conditions except in the case of a medical emergency. The jail's nurse did attempt to make appointments with various surgeons for Mr. Sankey, and if he had elected to have the procedure done, it would have been jail policy to transport him to the hospital for that purpose.

7. Sankey submitted three additional medical requests on October 19, 2007, requesting treatment for the same hernia. The final request for medical treatment was submitted on October 23, 2007 and was treated as a grievance. In my written response, I explained to Mr. Sankey that he had already been seen by the doctor for his condition, and that he had a pre-existing condition for which jail policy would not allow payment. I also communicated to him that an appeal could be made to the City's Risk Manager.

8. Sankey was held in Dormitory 3 of the Municipal Jail. Dormitory 3 consists of 3 cell blocks (A, B, and C), each consisting of one room with 18 beds. Each cell block has its own toilet and shower. During holidays or other times when the inmate numbers increase, the number of inmates in one of these cell blocks may exceed the number of beds, requiring some to sleep on the floor. The maximum number of inmates housed in any one cell block at a time is

approximately 22. There are never more than 3-4 inmates sleeping on floor mattresses at a given time in these cell blocks.

9. The pre-trial inmates are allowed to move freely about their cell block between the hours of 5:30 a.m. and 10:30 p.m. each day. They have access to television and space within the cell block to exercise.

10. Inmates who are scheduled to attend court the next day are usually moved to a recreation area inside the jail, and some are required to sleep on the floor if there are an excessive number of detainees going to court that day. The detainee is usually in this area for less than twenty-four hours, though. If he or she is not released after their court appearance, they are returned to a cell block.

11. The jail is cleaned on a regular basis.

12. Sankey was released from the Montgomery Municipal Jail on December 24, 2007 and custody was transferred to the Montgomery County Jail.

I have read the above and foregoing affidavit consisting in total of three (3) pages and state that it is true and correct to my present knowledge and information.

_____
Willie Collins, Warden

**SWORN to and SUBSCRIBED before me this the** 7th **day of January, 2008.**

_____
Notary Public
My Commission Expires 10/16/09

3

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ADRIAN SANKEY, | )    Case No.: 2:07cv1029-WKW |
|       Plaintiff, | )    **AFFIDAVIT OF JOHN CARNELL** |
| vs. | ) |
| CITY OF MONTGOMERY, | ) |
|       Defendant. | ) |

STATE OF ALABAMA

COUNTY OF MONTGOMERY

     In person appeared before the undersigned officer, duly authorized to administer oaths, John Carnell, who states under oath as follows:

     1. I have personal knowledge of the facts set forth in this affidavit. I am an adult resident citizen of the State of Alabama and I am competent to give this affidavit.

     2. I am currently and was in October of 2007 employed as the Risk Manager for the city of Montgomery, Alabama.

     3. I was consulted by employees of the Montgomery Police Department and Municipal Jail regarding whether or not a surgery to correct Adrian Sankey's hernia should properly be paid for by the city of Montgomery.

     4. The City's policy is not to pay for corrective procedures for conditions or injuries which exist prior to an inmate's incarceration unless it is determined to be a medical emergency.

     5. The City denied Sankey's request based upon his assertion that the condition was pre-existing and Dr. Mendez's opinion that it did not present a medical emergency.

1



Further the affiant saith not.

_John Carnell_

STATE OF ALABAMA

COUNTY OF MONTGOMERY

**SWORN** to and **SUBSCRIBED** before me this the ___2ᵈ___ day of January, 2008.

Notary Public
My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sept 23, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2